## HUGHES v. ROSS, COLLECTOR.

1. COUNTY SCRIP: *Tender for taxes.*
   When county warrants tendered in payment of taxes levied to pay
   county indebtedness existing at the adoption of the constitution of
   1874, afford no evidence that the allowance upon which they were
   issued was for county indebtedness prior to the adoption of that
   constitution, and are subsequent thereto, and are drawn upon the fund
   appropriated for county expenditures, the collector should refuse them.

APPEAL from *Dallas* Circuit Court.
Hon. T. F. SORRELLS, Circuit Judge.

STATEMENT.

Hughes filed in the Dallas Circuit Court his petition against Ross, as collector, alleging that the county court of said county, at the October term, 1879, levied a tax of two mills on the dollar to pay the idebtedness of the county existing at the ratification of the constitution of 1874. That the petitioner was a citizen tax payer of said county, and the amount of his tax to pay said indebtedness was $20.$\frac{60}{100}$, and that on the thirteenth day of February, 1880, he had tendered said sum to said collector in Dallas county warrants, duly issued upon an allowance or judgment made against said county by the county court at its January term, 1875, for indebtedness existing against said county at the ratification of the constitution of 1874, and said collector had refused them. That though said warrants were issued since the adoption of said constitution, they were issued upon a judgment of said court for indebtedness existing against the county before its adoption.

The scrip is exhibited in form as follows:

No. 59.

STATE OF ARKANSAS, ⎱
    DALLAS COUNTY.   ⎰

Treasurer of the County of Dallas pay to J. L. Cheatham, or bearer, ten dollars out of any money in the treasury appropriated for county expenditures, fees State v. David Rogers.

Given at Princeton, this ninth day of January, 1875.

E. M. HARRIS, Clerk.

Prayer for mandamus to compel the collector to receive the scrip in payment of said county tax.

A demurrer was sustained to the petition and the petitioner appealed.


*U. M. Rose* for appellant.

The Act Dec. 14, 1875, (*Acts* 1875, *p.* 151,) simply provides that "nothing in this act shall *authorize* the collector to receive scrip issued since the adoption of the constitution in payment of the tax levied to pay the indebtedness existing before the adoption of the constitution." It contains no prohibition, and leaves the question in this case wholly unaffected.

The term, "indebtedness," as used in *Sec.* 9, *Art.* 16, *Const.*, necessarily includes all indebtedness, whether passed upon by the county court or not. The scrip held by appellant was part of that very indebtedness for the payment of which the tax was levied. It would be absurd to compel appellant to pay in currency and then apply the sum so paid to the satisfaction of his own warrants. *Askew* v. *Columbia Co.,* 32 *Ark.*, 270; *State* v. *Rives,* 12 *Ib.*, 721.

If the collector refused to accept the warrants as payment

he could be compelled to do so by mandamus.   *English* v. *Oliver*, 28 *Ark.*, 317.

The judgment of the county court being in appellant's favor he could not appeal.   The Statute does not require that the order of allowance should state when the services were rendered.

*R. T. Fuller* and *T. B. Martin*, for appellee:

In support of the demurrer cites:   *Chicot Co.* v. *Tilghman*, 26 *Ark.*, 462; *Hudson* v. *Jefferson Co.*, 28 *Ib.*, 351; *Desha Co.* v. *Newman*, 33 *Ark.*, 88; *Bracken* v. *Wells*, 3 *Tex.*, 88; *High Ex. Seq. Rem.*, par. 39; *U. S.* v. *Com's Dubuque, Morris*, 42; *Peck* v. *Booth*, 42 *Conn.*; *Com's of Yorktown* v. *People*, 66 *Ills*, 339; *State* v. *Bridgman*, 8 *Kan.*, 458; *Mansfield* v. *Fuller*, 50 *Mo.*, 338.

HARRISON, J.   The warrants tendered the appellee afforded no evidence that the allowance upon which they were issued was for indebtedness of the county existing at the time of the adoption of the present constitution.   They were dated subsequent thereto, and drawn upon the fund appropriated for county expenditures.

Had they been issued previous to its adoption, or though issued after, been drawn on the fund to be raised by the tax for the payment of the antecedent indebtedness, it would have conclusively appeared that they were of that class of the county's indebtedness.   But the dates and the fund upon which they were drawn plainly indicated the contrary, and the appellee could determine only from their face the class of indebtedness to which they belonged, and he was prohibited by the *proviso* in the act of December 14th,

1875, to prevent discrimination in county warrants, from receiving them in payment of the tax for which they were offered. *Loftin* v. *Watson*, 32 *Ark.*, 414.

The judgment is affirmed.